Chairman, Hon. David Cybulski; Member, Hon. Katherine R. Curtis and Member, Hon. Marc Buyske.

**From: The District Court of the 18th Judicial District.**
**County of Gallatin.**

STATE OF MONTANA,
　　Plaintiff,　　　　　　　　　　　　　No. DC-02-117
vs.　　　　　　　　　　　　　　　　　　Decision
DAVID L. LERVOLD,
　　Defendant.

On July 23, 2002, the defendant was sentenced to the following: Count I: Thirteen (13) month commitment to the Department of Corrections, followed by five (5) years probation, for the offense of DUI, a felony; and Count II: Six (6) months in the county jail, suspended, for the offense of Driving While Suspended or Revoked, a misdemeanor. The sentences shall be served concurrently with each other, but consecutively to the sentence imposed in DC-02-81.

On November 15, 2002, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Brock Albin. The state was represented by Marty Lambert.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the

sentence or affirm it, but also increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division of the Supreme Court of Montana provides that "the sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (§46-18-904(3), MCA).

The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

Therefore, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed.

The Sentence Review Division notes that it is not addressing the issue of credit towards the fine for days served because of the following: 1) the Division does not have the necessary information to address that issue; 2) that is an issue that can be more properly addressed by the sentencing judge in this matter; and 3) Mr. Albin has advised the Division that he has made a motion to the district court addressing this issue, and that motion is presently pending before the district court.

Done in open Court this 15th day of November, 2002.

DATED this 11th day of December, 2002.

Chairman, Hon. David Cybulski; Member, Hon. Katherine R. Curtis and Member, Hon. Marc Buyske.